UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ALEXANDER JOHNSON,** | ) | |
| | ) | **JURY DEMAND** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: |
| | ) | |
| **CRACKER BARREL OLD** | ) | |
| **COUNTRY STORE, INC.,** | ) | Judge: |
| | ) | |
| Defendant. | ) | Magistrate Judge: |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Alexander Johnson ("Johnson"), by counsel, against Defendant, Cracker Barrel Old Country Store, Inc., ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII") for its discriminatory actions against him based on his race, African-American and/or gender, male.

### II. PARTIES

2. Johnson is a United States citizen and resident of Tennessee, who at all times relevant to this action, resided within the geographical boundaries of the Middle District of Tennessee.

3. Defendant is a Domestic For-Profit Corporation that maintains offices and conducts business within the geographical boundaries of the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Johnson, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Johnson satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 494-2022-00803 alleging race discrimination and retaliation. Johnson received his Notice of Suit Rights and timely files this action

8. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Johnson, who is African-American, began his employment with the Defendant on or about January 15, 2015 as a Server.

10. During all relevant time periods, Johnson met or exceeded the Defendant's legitimate performance expectations.

11. Johnson was the only male African-American Server employed by the Defendant during the relevant time frame.

12. On April 18, 2021, Johnson was terminated from his employment with the Defendant for allegedly pouring water on a female Caucasian co-worker.

13. First, Johnson did not intentionally pour water on a co-worker. Johnson was in the back of the facility speaking to a co-worker, Shayna Miller ("Miller"), who is a female Caucasian, about a conflict she was having with another female Caucasian co-worker, Brandy Finger.

14. During this conversation, Miller kicked the kitchen door – out of anger – causing Johnson to spill the glass of water he was carrying.

15. In or about November of 2019, Johnson was the victim of several violent acts by Miller. For example, Miller intentionally knocked drink glasses out of his hand and she intentionally knocked a hot coffee urn off of a serving tray he was carrying.

16. Furthermore, Miller intentionally poured salt on Johnson.

17. Johnson made the Defendant fully aware of these incidents and even submitted a typed statement regarding these incidents; however, Miller only received a written warning.

18. On or about May 16, 2021, a male African-American grill cook, Todd [last name unknown] poured a pitcher of water on a female African-American server, Erika Williams; however, Todd was not terminated.

19. It appears Defendant only seeks termination for such alleged incidents if the alleged victim is Caucasian.

20. The Defendant's General Manager during the relevant time frame was Jason Rudesill ("Rudesill"), who is a male Caucasian.

21. From the outset, Rudesill discriminated against Johnson based on his race and/or gender.

22. Johnson had worked the same shift, schedule, and section for a majority of his tenure with the Defendant. However, Rudesill kept changing Johnson's section and cut his schedule.

23. Johnson was discriminated against based on his race and/or gender in violation of Title VII of the Civil Rights Act of 1964.

## V. Legal Allegations

3

Case 3:22-cv-00748     Document 1     Filed 09/26/22     Page 3 of 6 PageID #: 3

## COUNT I - RACE DISCRIMINATION

24. Johnson hereby incorporates by reference paragraphs one (1) through twenty-three (23) of his Complaint.

25. Johnson was discriminated against and terminated from his employment based on his race, African-American.

26. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

27. Defendant's actions were willful, intentional, and done with reckless disregard for Johnson's civil rights.

28. Johnson has suffered injury as a result of Defendant's unlawful actions.

## COUNT II – GENDER DISCRIMINATION

29. Johnson hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint.

30. Johnson was discriminated against and terminated from his employment based on his gender, male.

31. Defendant's actions were willful, intentional, and done with reckless disregard for Johnson's civil rights

32. Johnson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Alexander Johnson, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award front pay in lieu thereof;

2. Enjoin the Defendant from discriminating against any employee based on his or her race or gender;

3. Pay to Plaintiff all his lost wages and benefits;

4. Pay to Plaintiff compensatory damages, damages for mental, physical, and emotional distress and payment of uncovered medical bills and/or insurance premiums;

5. Pay to Plaintiff punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

The Plaintiff, Alexander Johnson, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        *s/Kyle F. Biesecker*
        Kyle F. Biesecker, Attorney No. 28872
        BIESECKER DUTKANYCH & MACER, LLC
        3200 West End Avenue, Suite 500
        Nashville, Tennessee 37203
        Telephone:   (615) 783-2171
        Facsimile:    (812) 424-1005
        E-Mail:       kfb@bdlegal.com

        *Attorneys for Plaintiff*